UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeaneatte Van Zeeland and Terrance Van Zeeland,

Plaintiffs,

v.

Civ. No. 01-1107 (JNE/JGL)
ORDER

Hosana DiCasta, Bob Curtis, Tony Vicich, Doug Starks, and Does 1 through 10 inclusive,

Defendants.

---

David M. Van Sickle, Esq., appeared for Plaintiffs Jeaneatte Van Zeeland and Terrance Van Zeeland.

---

Jeaneatte Van Zeeland and Terrance Van Zeeland (Plaintiffs, collectively) brought this negligence action to recover damages they suffered as a result of injuries Ms. Van Zeeland sustained at a show at the Mystic Lake Casino (Casino). After Hosana DiCasta, Bob Curtis, Tony Vicich, and Doug Starks failed to plead or otherwise defend in this action, the Clerk of Court entered their defaults. *See* Fed. R. Civ. P. 55(a). The matter is now before the Court on Plaintiffs' motion for a judgment by default. *See* Fed R. Civ. P. 55(b)(2). For the reasons set forth below, the Court grants Plaintiffs' motion in part.

"Default judgment is appropriate where the party against whom the judgment is sought has engaged in 'willful violations of court rules, contumacious conduct, or intentional delays.'" *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (quoting *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996)). In addition to failing to plead or otherwise defend after service of the summons and complaint on them in late 2001 and early 2002, Curtis, Vicich, and Starks failed to respond to Plaintiff's motion for default judgment. Under these

JUL 1 0 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED JUL 1 0 2003
DEPUTY CLERK'S INITIALS

circumstances, a default judgment against them is appropriate. *See Hall v. T.J. Cinammon's, Inc.*, 121 F.3d 434, 436 (8th Cir. 1997) (affirming default judgment against party that failed to answer complaint and failed to respond to order to show cause why a default judgment should not be entered against it). As for DiCasta, she filed for Chapter 7 bankruptcy on May 30, 2003. The Court therefore stays the action against her. *See* 11 U.S.C. § 362(a) (2000).

Having concluded that Plaintiffs are entitled to a default judgment, the Court accepts as true the factual allegations in the First Amended Complaint. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). The First Amended Complaint alleges that the Casino hired Curtis to produce a stage show. Through Starks's agent, Vicich, Curtis hired Starks to perform in the show. Curtis, Vicich, and Starks were agents of one another and were acting in the scope of that agency when Starks left the stage and struck Ms. Van Zeeland during a performance on January 24, 2000. The blow cut Ms. Van Zeeland's leg. As a result, she experienced infections, pain and suffering, and permanent disability, and Mr. Van Zeeland experienced a loss of consortium.

"It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944); *see Everyday Learning*, 242 F.3d at 818. Having reviewed the evidence submitted by Plaintiffs to prove their damages, the Court finds that Ms. Van Zeeland is entitled to $15,518 for medical costs and $100,000 for pain, suffering, and permanent disability. Mr. Van Zeeland is entitled to $25,000 for loss of consortium.

"[W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that

there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). As discussed, Plaintiffs are entitled to a default judgment against Curtis, Vicich, and Starks, and the action is stayed with respect to DiCasta. There being no just reason for delay, the Court directs the entry of judgment against Curtis, Vicich, and Starks.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' motion for a default judgment [Docket No. 22] is GRANTED IN PART and DENIED IN PART.

2. The case is STAYED with respect to DiCasta.

3. Plaintiffs are entitled to a default judgment against Curtis, Vicich, and Starks.

4. Curtis, Vicich, and Starks are jointly and severally liable to Ms. Van Zeeland in the amount of $115,518.

5. Curtis, Vicich, and Starks are jointly and severally liable to Mr. Van Zeeland in the amount of $25,000.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 10, 2003

JOAN N. ERICKSEN
United States District Judge